1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    TODD ALAN SCOFIELD,        )    1:08-cv-00154-LJO-TAG HC

                                           )

10                    Petitioner,    )    FINDINGS AND RECOMMENDATIONS TO

                                           )    TRANSFER CASE TO THE UNITED STATES

11     v.                          )    DISTRICT COURT FOR THE WESTERN

12                                            )    DISTRICT OF WISCONSIN (Doc. 1)

                                           )

13    THE PEOPLE, STATE OF CALIFORNIA, )    ORDER REQUIRING OBJECTIONS TO BE

                                           )    FILED WITHIN FIFTEEN DAYS

14                    Respondent.    )

15 _____ )

16       Petitioner is a federal prisoner proceeding pro se with a petition for writ of error coram

17 nobis, which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C.

18 § 2241.

19                                     **BACKGROUND**

20       On February 20, 1995, Petitioner incurred a conviction for possession of

21 methamphetamine. (Doc. 1). Petitioner contended that the controlled substance was obtained as

22 the result of an unconstitutional search of his tractor. (Id. at pp. 2-5). The petition alleges that

23 Petitioner unsuccessfully argued these claims in the California Court of Appeal and the

24 California Supreme Court. (Id. at p. 5). It appears that subsequently Petitioner was convicted in

25 federal court of being a felon in possession of a weapon and that his sentence was enhanced by

26 virtue of the 1995 state conviction. (Id. at pp. 1, 5).

27       The instant federal petition was filed on January 28, 2008. From the address on the

28 signature page of the petition, Petitioner is confined at the Federal Correctional Institution at

1

1  Oxford, Wisconsin, which is in the jurisdiction of the United States District Court for the

2  Western District of Wisconsin.  (Doc. 1, p. 10).

3  **DISCUSSION**

4       A.  Preliminary Review of Petition

5       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

6  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

7  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

8  2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

9  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

10  respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook,

11  260 F.3d 1039 (9th Cir.2001).

12       B.  The Matter Must Be Transferred To the Jurisdiction of Incarceration.

13       Writ of habeas corpus relief extends to a person in custody under the authority of the

14  United States.  See U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity

15  or constitutionality of his conviction must bring a petition for writ of habeas corpus under

16  28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's

17  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See e.g.

18  United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d

19  672, 677 (9th Cir. 1980).  A habeas corpus petition under 28 U.S.C. § 2241 must be brought in

20  the judicial district of the petitioner's custodian.  Hernandez v. Campbell, 204 F.3d 861, 865

21  (9th Cir. 2000); Brown, 610 F.2d at 677.

22       In Rumsfeld v. Padilla, 542 U.S. 426 (2005), the United States Supreme Court clarified

23  the law pertaining to which district court had jurisdiction over petitions filed under § 2241:

24       The federal habeas statute straightforwardly provides that the proper respondent to a
     habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242;

25       see also § 2243 ("The writ, or order to show cause shall be directed to the person having
     custody of the person detained"). The consistent use of the definite article in reference to

26       the custodian indicates that there is generally only one proper respondent to a given
     prisoner's habeas petition.  This custodian, moreover, is "the person" with the ability to

27       produce the prisoner's body before the habeas court. Ibid. We summed up the plain
     language of the habeas statute over 100 years ago in this way: "[T]hese provisions

28       contemplate a proceeding against some person who has the immediate custody of the

party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885)(emphasis added); <u>see also</u> <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing <u>Wales</u>, <u>supra</u>, at 574, 5 S.Ct. 1050); <u>Braden</u>, <u>supra</u>, at 495, 93 S.Ct. 1123 (" '[T]his writ ... is directed to ... [the] jailer,' " quoting <u>In re Jackson</u>, 15 Mich. 417, 439-440 (1867)).

<u>Id.</u> at 434-435.

When Petitioner originally filed the instant petition, he was incarcerated at Federal Correctional Institution, Oxford, Wisconsin ("FCI Oxford"). Because FCI Oxford is within the territory of the United States District Court for the Western District of Wisconsin, this Court had no jurisdiction over the action at the time the petition was filed and the Court continues to lack jurisdiction over these proceedings.

The proper respondent for a habeas petition brought under 28 U.S.C. § 2241 is the petitioner's warden. <u>See</u> <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992). Because Petitioner has, during the entire pendency of this case, been incarcerated at FCI Oxford, the proper respondent for this action is the warden of that facility. <u>Padilla</u>, 542 U.S. at 434-435. Indeed, the United States Supreme Court has indicated that the <u>custodial</u> district is the <u>only</u> district that would have jurisdiction over Petitioner's case since that is where he is presently confined. <u>Id.</u>

In order for a district court to have in personam jurisdiction over a petitioner's warden, the petitioner's place of confinement must be within the territorial limits of the district court. <u>See</u> <u>id.</u>; <u>Giddings</u>, 740 F.2d at 772. Because Petitioner is incarcerated at FCI Oxford, the Court does not have in personam jurisdiction over the respondent in this action, i.e., Petitioner's warden. Thus, the Court has no jurisdiction over the petition.

28 U.S.C. § 1406(a), provides that a district court, "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Similarly, 28 U.S.C. § 1631 provides as follows:

///

3

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Based on the foregoing discussion and the information contained in the instant petition, the Court finds that Petitioner could have filed his petition in the United States District Court for the Western District of Wisconsin, that this Court lacks jurisdiction over the proper respondent, and that the interests of justice favor transfer of the proceedings to the Western District of Wisconsin in lieu of outright dismissal.

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that the instant petition be TRANSFERRED to the United States District Court for the Western District of Wisconsin.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:  **May 27, 2008**                                        **/s/ Theresa A. Goldner**
                                                                                    UNITED STATES MAGISTRATE JUDGE