# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ALAN SCOFIELD,<br><br>        Petitioner,<br><br>v.<br><br>THE PEOPLE, STATE OF CALIFORNIA,<br><br>        Respondent. | 1:08-cv-00154-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED PETITION (Doc. 8)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND (Doc. 5)<br><br>ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS DATED MAY 27, 2008 (Doc. 4) |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of error coram nobis, which the Court has screened as both a petition for writ of error coram nobis, and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

    On February 20, 1995, Petitioner was convicted of possession of methamphetamine. (Docs. 1, 8). Petitioner contended that the controlled substance was obtained as the result of an unconstitutional search of his tractor. (Id.). The petition alleges that Petitioner unsuccessfully argued these claims in the California Court of Appeal and the California Supreme Court. It appears that subsequently Petitioner was convicted in federal court of being a felon in possession of a weapon and that his sentence was enhanced by virtue of the 1995 state conviction. (Id.).

Petitioner is currently incarcerated at a federal facility in Wisconsin.

On January 28, 2008, Petitioner filed his first petition in this action. (Doc.1). On May 27, 2008, the Court issued Findings and Recommendations recommending the case be transferred to the United States District Court for the Western District of Wisconsin. (Doc. 4). On June 16, 2008, Petitioner filed a motion to amend the petition (Doc. 5), and an amended petition (Doc. 8). On June 16, 2008, Petitioner also filed objections to the Findings and Recommendations, contending that because his petition was filed as a writ of error corum [sic] nobis, challenging a California conviction, the Court should retain jurisdiction. (Doc. 9).

## **DISCUSSION**

### A. Preliminary Review of Amended Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039, 1041-1042 (9th Cir.2001).

### B. The Motion To Amend the Petition Is Granted

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of court, before a response has been filed, in accordance with Rule 15(a) of the Federal Rules of Civil Procedure, as applied to habeas corpus actions pursuant to 28 U.S.C. 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of court is required for all other amendments. Fed. R. Civ.P. 15(a).

Here, Petitioner filed his amended petition before any response had been filed; thus, the amendment is authorized under Rule 15(a). Accordingly, the Court will grant the motion to

amend and screen the amended petition, which now supercedes the original petition.[1]

### C.  The Findings and Recommendations Issued May 27, 2008 Are Withdrawn

Petitioner has objected to the Magistrate Judge's Findings and Recommendations issued May 27, 2008, recommending transfer of the case to the federal district in which Petitioner is incarcerated.  Petitioner maintains that his petition is not one in habeas corpus, since he is no longer serving the sentence which he is challenging, but rather is a writ of error coram nobis. Petitioner contends that because he is challenging a California conviction from a state court within the jurisdiction of this Court, the Court should retain jurisdiction.

Assuming, without deciding, that Petitioner is correct, the Court withdraws the Findings and Recommendations issued May 27, 2008, and issues these Findings and Recommendations.

### D.  Federal Review of the Amended Habeas Petition Is Barred

The instant amended petition seeks relief from a 1995 conviction for possession of methamphetamine, for which Petitioner served a prison term that expired in 1998.  (Doc. 8). Subsequently, Petitioner was convicted of a separate offense of being a felon in possession of a firearm, and is currently serving a federal prison sentence that was enhanced by the 1995 conviction.  (Id.). Petitioner is challenging his 1995 conviction, contending that the search of his tractor that led to the discovery of the methamphetamine for which he was convicted was illegal and unconstitutional and that he also received the ineffective assistance of trial counsel who, Petitioner alleges, failed to properly investigate the circumstances surrounding the purportedly illegal search before Petitioner enters his guilty plea.

Petitioner's claim is barred from federal review by Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 121 S. Ct.  1567 (2001).  In Lackawanna, the United States Supreme Court considered whether a § 2254 habeas petitioner could collaterally attack an earlier state conviction used to enhance the sentence for a later state conviction.  The Supreme Court ruled that such a

---

[1]The original and amended petitions appear to be identical except for item #39 in Petitioner's statement of facts, which has been amended from an allegation that the prior state conviction was used to enhance Petitioner's federal sentence to an allegation that the prior conviction was used to deny Petitioner his constitutional right to bear arms and to hold professional licenses.  (Docs. 1 & 8).

petitioner satisfies the "in custody" requirement if, although no longer serving the sentence imposed for the first state convictions, the petitioner was serving the sentences enhanced by the first convictions. Lackawana, 532 U.S. at 402-403.

The Supreme Court then turned to the central question of the appeal, and held that if a prior conviction is no longer open to federal review, then the defendant cannot collaterally attack the prior conviction through a § 2254 petition:

> "...[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [Citation.] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."

Lackawana, 532 U.S. 403-404.

The Supreme Court recognized two possible exceptions to the bar.  A petitioner in these circumstances may seek habeas relief if: 1) he challenges an enhanced sentence on the grounds that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment or 2) a defendant obtains compelling evidence that he is actually innocent of the crime for which he was convicted, and could not have uncovered such evidence in a timely manner.  Lackawana, 632 U.S. at 405.

In the instant case, any habeas challenge by Petitioner to the 1995 conviction would be barred by the AEDPA's one-year statute of limitations.  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320.  As the instant petition was filed on January 28, 2008, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner has not indicated that he filed a direct appeal from his 1995 conviction, nor, if he did, when the direct appeal concluded. Accordingly, the Court must assume that he did not appeal his guilty plea, or, if he did appeal, that his conviction became final prior to the enactment of the AEDPA on April 25, 1996, and that Petitioner's one-year limitations period commenced on that date and expired one year later on April 25, 1997. Under those circumstances, the 1995 conviction is no longer open to <u>direct</u> federal review and therefore <u>Lackawanna</u> is applicable. As the United States Supreme Court noted, "[t]hese vehicles for review...are not available indefinitely and without limitation." <u>Lackawanna</u>, 532 U.S. at 402-403. Petitioner has waited over ten years to challenge his 1995 conviction. Indeed, it appears that the <u>only</u> reason he has acted at all with respect to the prior conviction was Petitioner's subsequent federal conviction for which the 1995 conviction was used as an enhancement.

A Petitioner cannot simply revisit prior state court convictions *ad infinitum* whenever he runs afoul of the law and that prior conviction is used to enhance a subsequent sentence.

Moreover, Petitioner does not allege any facts that would qualify him for an exception to the Lackawanna bar.  Petitioner does not assert that the basis for the unconstitutional conviction in 1995 was the court's failure to appoint counsel, nor does he demonstrate that he is actually innocent of the 1995 crime.  Indeed, Petitioner concedes in his petition that he was represented by counsel in the state court proceedings that led to his 1995 conviction.  Instead, he contends that his conviction was obtained as the result of an unconstitutional search and that his trial counsel failed to provide adequate representation by fully exploring the illegality of the search before Petitioner pleaded guilty.  Accordingly, Petitioner meets no exception to the Lackawanna bar. Id.  Thus, federal habeas review of the 1995 state court conviction is barred.

E.  The Petition for Writ of Coram Nobis Cannot Proceed

Petitioner may not avail himself of a writ of coram nobis to attack a prior state court conviction.  Coram nobis relief is available only to challenge federal convictions.  See Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 1985)("the writ of error coram nobis fills a void in the availability of post-conviction remedies in *federal* criminal cases").  "It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments.  A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had."  Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982); see Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003)(coram nobis unavailable in a federal court as means of attack on state criminal judgment); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992)(same); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964)(same); Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962) (same).  As the Fifth circuit explained: "A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis regardless of whether it is called coram nobis, habeas corpus or some other type of relief." Sinclair, 679 F.2d at 514.  Further, the writ of error coram nobis "cannot be used as a substitute for habeas corpus or as a collateral writ of error between state and federal jurisdictions."

Rivenburgh, 299 F.2d at 843; see Madigan v. Wells, 224 F.2d 577, 578 (9th Cir. 1955).

Because Petitioner cannot proceed in federal court to challenge the 1995 California conviction under either federal habeas law or pursuant to a writ of error coram nobis, this case may not proceed and the amended petition must be dismissed.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to amend the petition (Doc. 5), is GRANTED; and,

2. The Findings and Recommendations issued May 27, 2008 (Doc. 4), are WITHDRAWN.

**RECOMMENDATIONS**

For the foregoing reasons, the Court RECOMMENDS that the amended petition (Doc. 8), be DISMISSED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 27, 2008**                              /s/ Theresa A. Goldner
                                                      UNITED STATES MAGISTRATE JUDGE